# NO. 12-13-00234-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KERRY DEWAYNE NATION,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Kerry Dewayne Nation appeals his conviction for felony possession of marijuana following the revocation of his deferred adjudication community supervision, for which he was sentenced to confinement for fifteen months. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

<u>BACKGROUND</u>

Appellant was charged by indictment with felony possession of marijuana and pleaded "guilty." The trial court deferred finding Appellant "guilty" and placed him on community supervision for four years.

Subsequently, the State filed a motion to revoke Appellant's community supervision alleging that Appellant had violated certain terms and conditions of his community supervision. A hearing was conducted on the State's motion, at which Appellant pleaded "true" to the violations alleged in the State's motion. At the conclusion of the hearing, the trial court found that Appellant had violated the terms and conditions of his community supervision as alleged in the State's motion. Thereafter, the trial court revoked Appellant's community supervision, adjudicated him "guilty" of felony possession of marijuana, and sentenced him to confinement

for fifteen months.  This appeal followed.

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*.  Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated.  He further relates that he is well acquainted with the facts in this case.  In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1]  We have likewise reviewed the record for reversible error and have found none.

<u>CONCLUSION</u>

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw.  *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding).  We carried the motion for consideration with the merits.  Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the appeal is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review.  *See* TEX. R. APP.  P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35.  Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal

---

[1] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief.  Appellant was given time to file his own brief in this cause.  The time for filing such a brief has expired and no pro se brief has been filed.

Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered May 30, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 30, 2014**

**NO. 12-13-00234-CR**

**KERRY DEWAYNE NATION,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0320-12)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that Appellant's counsel's motion to withdraw is **granted**, the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By per curiam opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*